WILLIAM C. KAHL, State Superintendent, Department of PublicInstruction
You have asked whether a school district has authority to contract with a private organization to provide instruction or related services to the school district. In an additional letter, you have explained that the Milwaukee Title 3 Environmental Education Program for Exceptional Children has proposed a contract with the Milwaukee Boy's Club by which the club agrees to hire the staff for the educational program, with the exception of a special education teacher for the physically handicapped children, who would be hired by the Milwaukee Public Schools. The staff hired by the Boy's Club would include a social worker and a social worker aide. The teacher would conduct formal classes for half a day, and the social worker and aide, in conjunction with others on the Boy's Club staff, would conduct less structured activity for the remainder of the day.
You have enclosed with your letter a description and rationale of the proposed program. It is stated therein that there is a population of students of normal intellectual potential, who are two years academically and socially retarded. This retardation is often a function of an already existing learning disability or emotional disturbance. The description further states that these students often manifest deficits in other areas such as perceptual, sensory motor, language development, etc. These handicaps are further compounded by difficulties that these students may have within their own environment, such as marital problems between parents and/or family financial problems, social maladjustment and the like.
It is proposed that some of these students, who reside in the model cities area, will be provided with a camping experience during the first and last two weeks of the school year and during the rest of the school year will be taught in classrooms located at the Boy's Club; and, in addition to being taught by a certified teacher employed by the public schools, the Boy's Club will provide these students with an intensive guidance and recreational program. I understand that the Milwaukee Boy's Club is a private *Page 205 
charitable organization whose primary function is to provide counseling and recreational facilities and service to financially deprived youngsters.
School boards have only such power as may be given to them by statute or which may be necessarily implied for the performance of their statutory duties. Section 119.16 (1) and (2), Stats., provides:
"119.16 Board; duties. (1) MANAGEMENT OF SCHOOLS. The public schools in every city of the 1st class shall be under the management, control and supervision of the board.
"(2) ESTABLISH SCHOOLS AND DISTRICTS. The board shall maintain the public schools in the city and shall establish, organize and maintain such schools as the board determines are necessary to accommodate the children entitled to instruction therein. The board shall divide the city into attendance districts for such schools."
Nowhere is there any statutory authority for the type of agreement proposed to be entered into between the Milwaukee Public School District and the Milwaukee Boy's Club, nor is there any indication that such power must be necessarily implied. On the contrary, sec. 119.16 (1), Stats., specifically provides that the public schools in the Milwaukee School District shall be under the management, control and supervision of the school board. Under the agreement, the entire environmental setting, the recreational and physical education programs, as well as counseling service and such other social service work as may be necessary, would be the responsibility of the Milwaukee Boy's Club. In my opinion, the contemplated agreement attempts to delegate the statutory duty of the school board to a private charitable organization to a degree that is not permissable under the existing statutes.
Furthermore, with respect to the property and facilities involved, my predecessor has held in 31 OAG 266 (1942) that the powers and duties of a school district are limited to property under control of the school district. The property involved here will apparently be under the control of the Milwaukee Boy's Club. As my predecessor pointed out, the school district would not be authorized to spend money in the employment of teachers or for *Page 206 
the operating of a school over which it had no control. My predecessor went on to state, "The statutes relating to public schools nowhere contain any language which either expressly or impliedly authorizes the expenditure of public funds for the operation of schools owned and controlled by the federal government or any other agency, public or private, except the district itself."
In addition, the program appears to be inconsistent with the statutory requirement of sec. 119.16 (4), Stats., which requires that a system of instruction in the public schools be as nearly uniform as possible.
It is, therefore, my opinion that the program cannot be lawfully accomplished in the manner proposed.
This is unfortunate, since the program appears to have considerable merit. This office would be happy to work with the Department of Public Instruction and the city of Milwaukee to explore alternative ways in which the goals sought might be legally achieved.
RWW:JWC